# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J CARLOS MIJES and MARTHA MIJES,<br><br>    Plaintiffs,<br><br>vs.<br><br><br>BANCO POPULAR NORTH AMERICA;<br>AZTEC FORECLOSURE CORPORATION;<br>and DOES 1 through 50, Inclusive,<br><br>    Defendants. | CASE NO. 12-cv-00953 - IEG (DHB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART DEFENDANT BANCO POPULAR NORTH AMERICA'S MOTION TO DISMISS;**<br><br>[Doc. No. 3]<br><br>**(2) REMANDING STATE LAW CLAIMS; AND**<br><br>**(3) DENYING AS MOOT DEFENDANT BANCO POPULAR NORTH AMERICA'S MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[Doc. No. 3] |

    Presently before the Court is a motion to dismiss the complaint of Plaintiffs J. Carlos Mijes and Martha Mijes ("Plaintiffs") and a motion for a more definite statement brought by Defendant Banco Popular North America ("Banco Popular"). [Doc. No. 3.] For the reasons given below, the Court **GRANTS IN PART** Defendant Banco Popular's motion to dismiss and **DENIES AS MOOT** Defendant Banco Popular's motion for a more definite statement.

## BACKGROUND

    Plaintiffs, proceeding *pro se*, allege they refinanced the subject property, located at 1145 Augusta Pl, Chula Vista, California 91915, on or about December 6, 2006. [Doc. No. 1-1, Compl.

¶¶ 6, 11.] As a result of the refinancing, Plaintiffs obtained a loan in the amount of $829,725 from Defendant Banco Popular, secured by a Deed of Trust. [Id. ¶ 12; see also Doc. No. 4-1, Request for Judicial Notice ("RJN") Exs. 1-2.]¹ On November 28, 2011, a notice of default was recorded against Plaintiffs' property. [Doc. No. 1-1, Compl. ¶ 13.] According to the notice of default, Plaintiffs were in default for an estimated amount of $40,588.08. [Doc. No. 4-1, RJN Ex. 3.] On February 28, 2012, a notice of trustee's sale was recorded, which stated that the sale of Plaintiffs' property would take place on March 22, 2012. [Doc. No. 1-1, Compl. ¶ 15; see also Doc. No. 4-1, RJN Ex. 5.]

On March 20, 2012, Plaintiffs filed the present action against Defendants Banco Popular, Aztec Foreclosure Corporation ("Aztec"), and DOES 1 through 50 in San Diego Superior Court, alleging seven causes of action for: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; (6) violation of California Business and Professions Code § 17200 et seq.; and, against only Defendant Banco Popular, (7) violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. [Doc. No. 1-1, Compl.] On April 18, 2012, Defendant Banco Popular removed the action from state court to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). [Doc. No. 1, Notice of Removal.]

By the present motion, Defendant Banco Popular seeks to dismiss the Plaintiffs' complaint in its entirety; Defendant Banco Popular also moves in the alternative for a more definite statement of Plaintiffs' claims. [Doc. No. 3.] Plaintiffs have filed a response in opposition. [Doc. No. 10.]

**DISCUSSION**

**I.     Defendant's Motion to Dismiss**

    **A.     Legal Standards for a Motion to Dismiss**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss pursuant

---

¹Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of exhibits 1 through 5 attached to Defendant Banco Popular's request for judicial notice because they are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

1  to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims
2  asserted in the complaint. FED. R. CIV. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir.
3  2001). The court must accept all factual allegations pled in the complaint as true, and must
4  construe them and draw all reasonable inferences from them in favor of the nonmoving party.
5  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Moreover, factual
6  allegations made by *pro se* plaintiffs, "however inartfully pleaded," are held to "less stringent
7  standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 519-20
8  (1972). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual
9  allegations; rather, it must merely plead "enough facts to state a claim to relief that is plausible on
10 its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility
11 when the plaintiff pleads factual content that allows the court to draw the reasonable inference that
12 the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct.
13 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).

14       The deference the court is bound to pay to a plaintiff's allegations has its limits, however.
15 A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
16 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."
17 Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (alteration in
18 original). The court need not accept a plaintiff's "legal conclusions" as true. Iqbal, 129 S. Ct. at
19 1949. Moreover, it is not proper for the court to assume that "the [plaintiff] can prove facts that
20 [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been
21 alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S.
22 519, 526 (1983). Finally, the plausibility standard to which a complaint's factual allegations are
23 held requires more than the mere possibility that a plaintiff is entitled to relief. "Where a
24 complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the
25 line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949
26 (quoting Twombly, 550 U.S. at 557).
27 ///
28 ///

### B. Plaintiffs' Federal Claims for Rescission Under TILA

Plaintiffs allege that Defendant Banco Popular violated TILA and its regulations by failing to include and disclose certain finance charges during the processing of Plaintiffs' loan and by calculating Plaintiffs' annual percentage rate based on improperly calculated and disclosed amounts. [Doc. No. 1-1, Compl. ¶¶ 74-77.] Plaintiffs claim that these TILA violations provide them with the right to rescind the transaction. [Id. ¶ 77.] In its motion to dismiss, Defendant Banco Popular argues that Plaintiffs' TILA claims are untimely since they were brought after the three-year limitation period set by TILA had expired. [Doc. No. 3 at 13-14.]

Under 15 U.S.C. § 1635, TILA claims for rescission are untimely unless brought within three years of a transaction's consummation. See McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1328-29 (9th Cir. 2012). The three-year period for a rescission claim under TILA begins to run from the date the loan was consummated. See King v. California, 784 F.2d 910, 913 (9th Cir. 1986). The Ninth Circuit has explained that, since section 1635 is a statute of repose, its three-year limit is absolute and is not subject to equitable tolling. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002); see also Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."); Munoz v. Ashcroft, 339 F.3d 950, 957 (9th Cir. 2003) ("Statutes of repose are not subject to equitable tolling.").

Plaintiffs closed on the loan at issue on or about December 6, 2006. [Doc. No. 1-1, Compl. ¶ 11; see also Doc. No. 4-1, RJN Ex.1.] However, Plaintiffs did not file the present action until March 20, 2012, more than five years after the loan was consummated. [Doc. No. 1-1, Compl.] Plaintiffs' TILA claims are therefore time-barred by 15 U.S.C. § 1635. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' TILA claims.

### C. Plaintiffs' State Law Claims

Plaintiffs' remaining claims arise under California law: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; and (6) violation of California Business and Professions Code § 17200 et seq. [Doc. No. 1-1, Compl. ¶¶ 20-73.] Where a district court has

1  dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental
2  jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3); United Mine Workers of
3  Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of
4  plaintiff's right.").  When weighing whether to exercise supplemental jurisdiction, the Court
5  considers judicial economy, convenience and fairness to litigants, and comity with state courts.
6  Gibbs, 383 U.S. at 726.  Where federal claims have been dismissed, the balance of factors usually
7  tips in favor of declining to exercise jurisdiction over any remaining state law claims.  Gini v. Las
8  Vegas Metro. Police Dep't., 40 F.3d 1041, 1046 (9th Cir. 1994).  Having dismissed Plaintiffs'
9  claims under TILA and finding no diversity jurisdiction in Plaintiffs' complaint, the Court declines
10 to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  Accordingly, the
11 Court **REMANDS** Plaintiffs' remaining state law claims.

12 **II.    Defendant Banco Popular's Motion for a More Definite Statement**

13     In addition to its motion to dismiss, Defendant Banco Popular moved in the alternative for
14 a more definite statement of Plaintiffs' claims.  [Doc. No. 3.]  Because the Court dismisses
15 Plaintiffs' TILA claims and declines to exercise jurisdiction over Plaintiffs' state law claims, the
16 Court **DENIES AS MOOT** Defendant Banco Popular's motion for a more definite statement.

17                                    **CONCLUSION**

18     For the reasons above, the Court **GRANTS IN PART** Defendant Banco Popular's motion
19 to dismiss and **DISMISSES WITH PREJUDICE** Plaintiffs' seventh cause of action and
20 **REMANDS** to state court Plaintiffs' first through sixth causes of action.  In light of the foregoing,
21 the Court **DENIES AS MOOT** Defendant Banco Popular's motion for a more definite statement.
22 The clerk is directed to close the case.

23     **IT IS SO ORDERED.**
24 **DATED:**  May 22, 2012
25                                   *Irma E. Gonzalez*
                                      **IRMA E. GONZALEZ**
                                      **United States District Judge**
26
27
28